IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| VERNON ANDREWS, #R70075, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| C/O GAINS, LT. BARNARD, MATTHEW C. SWALLS, | ) ) ) ) |
| Defendants. | ) ) |

Case No. 19-cv-00869-SMY

# **MEMORANDUM AND ORDER**

**YANDLE, District Judge:**

Plaintiff Vernon Andrews, an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Big Muddy Correctional Center, brings this civil rights action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights that occurred while at Vienna Correctional Center. Plaintiff alleges cruel and unusual punishment regarding the issuance of three disciplinary reports. He requests monetary damages.

Plaintiff's Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner Complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

1

**Discussion**

Plaintiff alleges that he was issued three disciplinary reports on February 17, 2019 and was found guilty of all three offenses by the Adjustment Committee (Doc. 1, p. 6). He filed a grievance with the Administrative Review Board and the Board recommended that all three disciplinary reports be expunged. (*Id.* at pp. 6, 13). Plaintiff's Complaint does not survive preliminary review under 28 U.S.C. § 1915A because Plaintiff does not mention any of the defendants listed in the case caption in the statement of his claim. Therefore, the Court is unable to discern what claims, if any, Plaintiff has against each defendant.

Plaintiffs, even those proceeding *pro se*, are required to associate specific defendants with specific claims so that defendants are put on notice of the claims brought against them and can properly answer the Complaint. "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption."). Because Plaintiff sets forth no allegations against the defendants in his statement of claim, his Complaint will be dismissed without prejudice.

However, Plaintiff will be given an opportunity to re-plead his claims in an amended complaint if he wishes to proceed with this case. When preparing a "First Amended Complaint," Plaintiff should identify each defendant in the case caption and set forth sufficient allegations against each defendant to describe what the defendant did or failed to do to violate his constitutional rights.

### Motion for Recruitment of Counsel

Plaintiff has also filed a Motion for Recruitment of Counsel (Doc. 3) which is **DENIED**.[1] Plaintiff states that he has sent out three letters to attorneys but has not received any responses. (*Id.* at p. 1). He includes copies of a letter sent to John Howard Association on March 25, 2019, and March 26, 2019. (*Id.* at pp. 6-8). This is not sufficient information for the Court to determine if he has made a reasonable effort to obtain counsel on his own, and so, Plaintiff has failed to meet his threshold burden of making a "reasonable attempt" to secure counsel. *See Santiago v. Walls*, 599 F.3d 749, 760 (7th Cir. 2010). Should Plaintiff choose to move for recruitment of counsel at a later date, the Court directs Plaintiff to include in the motion the names and addresses of at least three attorneys he has contacted, and if available, attach the letters from the attorneys who declined representation.

### Motion for Service of Process at Government Expense

Because Plaintiff has been granted pauper status (Doc. 8) and the Court is obligated to arrange service for incarcerated persons proceeding *in forma pauperis*, his Motion for Service of Process at Government Expense (Doc. 4) is **DENIED** as moot.

### Disposition

**IT IS HEREBY ORDERED** that the Motion for Recruitment of Counsel (Doc. 3) is **DENIED without prejudice** and the Motion for Service of Process at Government Expense (Doc. 4) is **DENIED** as **MOOT**.

---

[1] In evaluating Plaintiff's Motion for Recruitment of Counsel, the Court applies the factors discussed in *Pruitt v. Mote,* 503 F.3d 647, 654 (7th Cir. 2007) and related authority.

**IT IS FURTHER ORDERED** that, for the reasons stated, the Complaint is **DISMISSED** without prejudice pursuant to §1915A. Plaintiff is **GRANTED** leave to file a "First Amended Complaint" on or before **December 16, 2019**. Should Plaintiff fail to file a First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall also count as one of Plaintiff's three allotted "strikes" under 28 U.S.C. § 1915(g).

It is strongly recommended that Plaintiff use the civil rights complaint form designed for use in this District. He should label the form, "First Amended Complaint," and he should use the case number for this action (No. 19-cv-00869-SMY). To enable Plaintiff to comply with this Order, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

An amended complaint generally supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am*., 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The First Amended Complaint must stand on its own without reference to any previous pleading. Plaintiff must re-file any exhibits he wishes the Court to consider. The First Amended Complaint is also subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Plaintiff files a First Amended Complaint. 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not

independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED**.

**DATED: 11/18/2019**

        *s/Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**